OWENS, Circuit Judge,
with whom TROTT, Circuit Judge, joins,
concurring:
I concur fully in the majority’s opinion. I write separately because I believe that our willfulness easelaw in the context of the FLSA statute of limitations is off track.
In McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the Supreme Court stressed that willfulness was more than mere negligence, and that “[i]f an employer acts un- • reasonably, but not recklessly, in determining its legal obligation,” the two-year FLSA statute of limitations would apply. Id. at 132-35 & n.13, 108 S.Ct. 1677. In formulating this definition, the Court emphatically rejected the so-called “Jiffy June” standard that expanded the statute of limitations anytime “an employer knew that the FLSA 'was in the picture.’ ” Id. at 132, 108 S.Ct. 1677 (quoting Coleman v. Jiffy June Farms, Inc., 458 F.2d 1139, 1142 (5th Cir. 1972)); see also Hazen Paper Co. v. Biggins, 507 U.S. 604, 615, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) (noting that “[sjurprisingly, the Courts of Appeals continue to be confused about the meaning of the term ‘willful’ in” the Age Discrimination in Employment Act, even though McLaughlin “[o]nce again ... rejected the ‘in the picture standard’ ”).
In Alvarez v. IBP, Inc., 339 F.3d 894, 908-09 (9th Cir. 2003), aff'd on other grounds, 546 U.S. 21, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005), a panel of this court *908 correctly cited McLaughlin when analyzing an FLSA willfulness question. But then the panel concluded that the employer acted willfully because it “was on notice of its FLSA requirements, yet took no affirmative action to assure compliance with them,” and that it “ ‘could easily have inquired into’ the meaning of the relevant FLSA terms and the type of steps necessary to comply therewith.” Id. at 909 (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir. 1999)).
This gloss on McLaughlin comes very close to a qyburnian resurrection of the Jiffy June standard. And it is this gloss— and not the tougher standard that the Supreme Court set out — which compels me to join Part III.D of the majority opinion. Absent Alvarez, I would affirm the district court on the statute of limitations question.